Albert J. Soler (AS1974)
SOLER LEGAL LLC
30 South 15th Street
15th Floor
Philadelphia, PA 19102
Tel: (215) 989-4411
Fax: (215) 839-3974
asoler@solerlegal.com

Michael P. Martin *(Pro Hac Vice)*
FISCHBACH, PERLSTEIN, LIEBERMAN
& ALMOND, LLP
1925 Century Park East, Suite 2050
Los Angeles, CA 90067-2746
Tel: (310) 556-1956
Fax: (310) 556-4617
mmartin@fpllaw.com

*Attorneys for Plaintiff, Earl Stevens*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EARL STEVENS, an individual,<br><br>    Plaintiff,<br><br> v.<br><br>VODKA & MILK, LLC, a New York Limited Liability Company; VODKA & MILK 2, LLC, a New York Limited Liability Company; BUCK 50 PRODUCTIONS, believed to be a New Jersey Limited Liability Company; ERIKA KANE, an individual United States Citizen; and DOES 1-10,<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT, FEDERAL UNFAIR COMPETITION; CALIFORNIA UNFAIR COMPETITION AND TRADE DRESS INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

## **COMPLAINT**

For its Complaint, Plaintiff EARL STEVENS alleges as follows:

### **JURISDICTION AND VENUE**

1. This civil action is for copyright infringement under the Copyright Laws of the United States 17 U.S.C. § 101, et seq.; under the Lanham Act, 15 U.S.C. § 1051 et seq., 15 U.S.C. § 1125; and New York Common Law.

2. The Court has jurisdiction over the subject matter and personal jurisdiction over the parties by reason of 28 U.S.C. § 1331 and 1338(a) and 15 U.S.C. § 1121 for the second cause of action for the first, second and fourth cause of action; and supplemental and pendent jurisdiction under 28 U.S.C. § 1367 and 1338(b) for the remaining cause of action.

3. Venue is proper in this judicial district for all causes of action. 28 U.S.C. §§1391(b) & (c) and 1400(b) in that Defendants transact business in this Judicial District and a substantial part of the events or omissions giving rise to the claims herein occurred within this Judicial District.

## THE PARTIES

4. Defendant Vodka & Milk, LLC is a New York Limited Liability Company having a principal place of business at 520 8th Avenue, Suite 2001, New York, NY 10018.

5. Defendant Vodka & Milk 2, LLC is a New York Limited Liability Company having a principal place of business at 144 North 7th Street, Suite 255, Brooklyn, NY 11249.

6. Plaintiff is informed and believes, and on such basis alleges, that Defendant BUCK 50 PRODUCTIONS is believed to be a New Jersey Limited Liability Company having a principal place of business at 144 North 7th Street, Suite 255, Brooklyn, NY 11249.

7. Defendant ERIKA KANE is an individual United States Citizen, with an unknown address.

8. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 - 10, inclusive, and therefore sue said Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege said Defendants' true names and capacities when ascertained.

9. Plaintiff is informed and believe, and on such basis alleges that each of the aforementioned Defendants acted at all times alleged herein as the agent, employee, representative, and/or alter ego of the other Defendants (hereinafter individually and collectively referred to as "Defendants"); is responsible in some manner for the occurrences alleged herein; and caused the injuries alleged herein.

## GENERAL ALLEGATIONS

10. Earl Stevens (usually "Plaintiff") better known by his stage name E-40, is an American rapper, and the founder of Sick Wid It Records. He has released twenty-seven studio albums to date, appeared on numerous movie soundtracks, and has also done guest appearances on a host of other rap albums, and has 10 songs that made the Billboard Top 100 including the song and title and issue herein, namely Captain Save A Hoe. In addition, Plaintiff has two number 1 hits, 3 top 10 hits and 21 Songs on the Billboard 100 top R&B and Hip Hop songs.

11. Plaintiff is a worldwide copyright owner of the 1993 musical composition entitled "Captain Save A Hoe" and U.S. Copyright Registration No. PA0000942308 (the "Composition"), as well as the common law trademarks in the song title by virtue of his marketing and sales of merchandise and audio and video properties using the mark. The Captain Save A Hoe song has achieved enormous success, including climbing to #94 on the Billboard Top 100 and #63 on the Billboard R&B Hip Hop Top 100 (see Exhibit A)[1], selling over 500,000 copies, and having a music video which played regularly on music video television shows, and has over 2.9 million views on VEVO (see Exhibit B).[2] Plaintiff has developed extensive and valuable goodwill in his famous CAPTAIN SAVE A HOE Composition and Mark, thanks to his efforts as well as recognition by consumers, fans and the general public. In fact, Urban Dictionary references the following top

---

[1] Available at: http://www.billboard.com/music/e-40/chart-history/r-b-hip-hop-songs/2.
[2] Available at: https://www.vevo.com/watch/e-40/captain-save-a-hoe/USZM20500184.

definition for CAPTAIN SAVE A HOE "Derived from a 1993 rap song by rapper E-40 about the adventures of a Financial savior to underprivileged inner city hood rats… A gold digger's dream…A Man that will drop dimes on you (i.e. get your hair and nails done, take care of your childroes, pay your bills)…A man that des this is usually Captain Savin' 'Look up in the sky, it's a bird, it's plane! Wus that foolz name, Captain Save a Hoe main." (See Exhibit C).[3]

12. Plaintiff also owns U.S. Trademark Application Serial No. 86465141 for the mark CAPTAIN SAVE A HOE for the following goods and services: Bandanas; Capes; Hats; Headbands; Jackets; Shirts; Shorts; Sweatshirts; Undergarments in class 25; and Entertainment services, namely, an ongoing series featuring comedy, action and adventure provided through television, online webcasts and radio broadcasts.

13. Defendants have recently began selling, marketing, advertising, promoting and distributing an infringing book entitled CAPTAIN SAVE A HOE in the U.S. in the regular course of business including in New York, within this judicial district and in interstate commerce.

14. Defendants have transacted and are doing business within this judicial district by continuously directing their products, advertising and trade pieces to existing and potential customers within this judicial district.

15. Plaintiff's claims asserted against Defendants regarding all causes of action stated in these pleadings arose in this judicial district.

16. As a result of Plaintiff's efforts through advertising, promotions and sales, as well as fame and recognition by Plaintiff's fans, the distinctive Captain Save A Hoe name and character has achieved popularity and recognition among the public. As a result of these efforts and Plaintiff's exclusive use of the Captain Save a Hoe name and character, Plaintiff's Composition

---

[3] Available at: https://www.urbandictionary.com/define.php?term=captain%20save%20a%20hoe.

copyright and trademark has acquired substantial goodwill and secondary meaning, serving as an indicator of Plaintiff as the source of origin of its products and services.

**Defendants' Unlawful Conduct: Trademark Dilution, Trademark Infringement, Unfair Competition and Copyright Infringement**

17.     Defendants have recently released a new book called CAPTAIN SAVE A HOE which incorporates substantially similar and confusingly similar proprietary elements of Plaintiff's CAPTAIN SAVE A HOE Composition, name, and character.

18.     Specifically, Defendants have wrongfully appropriated the proprietary CAPTAIN SAVE A HOE name and superhero character elements in violation of Plaintiff's rights in the Composition and character created and described therein.

19.     Defendants' book and character described therein is an infringing derivative work of Plaintiff's Composition including the structure, format, elements and even certain identical verbiage is copied.

20.     There are innumerable ways in which Defendants could have created a character and name, but they chose to use the identical character and name created and owned by Plaintiff, including the proprietary elements of the famous fictional character Plaintiff created.

21.     These unlawful actions have given Defendants an unfair competitive advantage in violation of the Lanham Act, 15 U.S.C. § 1125 by misappropriating the proprietary materials of Plaintiff and constitute a clear infringement of Plaintiff's trademark rights in its Composition, as well as its copyrights in Composition.

22.     Defendants have no right, license or other authority from Plaintiff to use any of the CAPTAIN SAVE A HOE Trademarks or Copyrights in the Composition for any purpose.

23.     Plaintiff is informed and believes, and on such basis alleges, that Defendants knew

of the Plaintiff's Composition Trademark rights and Copyrights and that the same were owned by someone other than themselves; knew that the Plaintiff's Captain Save a Hoe name, character, proprietary Composition and Copyrights were distinctive, famous and proprietary; and knew that Defendants had not received any authority from Plaintiff to use these for any purposes.

24. Defendant's unlawful activities result in irreparable injury and damage to Plaintiff's reputation by using the Plaintiff's CAPTAIN SAVE A HOE Trademarks and Copyrights in a manner beyond Plaintiff's control.

25. Plaintiff is informed and believes, and on such basis alleges that Defendants have deliberately, willfully, and maliciously used the Plaintiff's CAPTAIN SAVE A HOE Trademarks and Copyrights in the Composition in order to trade on the goodwill that Plaintiff has attained therein, to confuse the public into believing that Defendants' unauthorized use is licensed or authorized by Plaintiffs.

## FIRST CAUSE OF ACTION
## FOR COPYRIGHT INFRINGEMENT

26. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 25 above as if fully set forth herein.

27. This claim for relief arises under 17 U.S.C. § 101, et seq and 501 through 505 and is alleged against all Defendants.

28. As alleged previously, Plaintiff is the owner of the proprietary Composition Copyright in CAPTAIN SAVE A HOE.

29. As set forth above, Plaintiff has registered the CAPTAIN SAVE A HOE Copyright with the United States Copyright Office which was assigned Registration No. PA0000942308.

30. Plaintiff is informed and believes, and based thereon alleges, that Defendants, and

each of them, have had access to the Composition on the radio airwaves, on the world wide web, in television promotions and in stores, as Defendants operate in the same genre as Plaintiff, with one of the Defendants principles managing an artist contemporary of Plaintiff.

31. Plaintiff is informed and believes, and based thereon alleges, that Defendants, and each of them, by their above-enumerated acts have directly or indirectly published, reproduced, displayed, and adapted Plaintiff's Copyrighted Materials in connection with the sale of its CAPTAIN SAVE A HOE book.

32. Plaintiff is informed and believes, and based thereon alleges, that Defendants, and each of them, by their above-enumerated acts have willfully infringed Plaintiff's exclusive rights in and to Plaintiff's Copyrights in violation of 17 U.S.C. § 501.

33. Plaintiff is informed and believes, and based thereon alleges, that Defendants have unlawfully and wrongfully derived, and will continue to unlawfully and wrongfully derive, income and profits from their infringing acts, and Plaintiff has sustained, and will continue to sustain, substantial injury, loss and damage in an amount to be proven at trial.

34. Defendants activities have caused Plaintiff irreparable injury and unless Defendants' acts are immediately and permanently enjoined, Plaintiff will continue to suffer irreparable harm and injury.

35. Plaintiff has no adequate remedy at law.

## SECOND CAUSE OF ACTION

## FOR FEDERAL TRADE MARK INFRINGEMENT

(Trade Mark Infringement (15 U.S.C. § 1125(a))

36. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 26 through 35 above as if fully set forth herein.

37. Upon information and belief, Defendants have been and are selling and offering for sale products that imitate Plaintiffs' trademark CAPTAIN SAVE A HOE.

38. The sale of a book that misappropriates Plaintiff's famous song title that is a copy of the distinctive CAPTAIN SAVE A HOE trademark constitutes infringement under 15 U.S.C. § 1125(a), in that such use constitutes a false designation of origin which is likely to cause confusion, mistake and deception among consumers as to the source of Defendants' products.

39. Such conduct on the part of Defendants has caused and will continue to cause Plaintiffs' irreparable harm, and Plaintiffs have no adequate remedy at law.

## THIRD CAUSE OF ACTION

## FOR FEDERAL UNFAIR COMPETITION

40. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 36 through 39 above as if fully set forth herein.

41. As alleged previously, Plaintiff is the owner of its inherently distinctive CAPTAIN SAVE A HOE name, which has acquired substantial goodwill and secondary meaning.

42. As also alleged above, Defendants have used the CAPTAIN SAVE A HOE name and Composition in their products and packaging without permission or authority from Plaintiff.

43. Defendants have not obtained from Plaintiffs any license or other permission to use any of the CAPTAIN SAVE A HOE rights for any purpose whatsoever.

44. Plaintiffs are informed and believe, and on such basis allege, that Defendants' unauthorized use of the CAPTAIN SAVE A HOE name and character in the Composition constitutes a false designation of origin and false or misleading representation of fact, which is likely to cause confusion, mistake, or to deceive customers and potential customers as to the affiliation or association of Plaintiff and Defendants.

45. Plaintiffs are informed and believe, and on such basis allege that, Defendants' above-mentioned uses of the CAPTAIN SAVE A HOE name and character constitute violations of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

46. Defendants have unlawfully and wrongfully derived, and will continue to unlawfully and wrongfully derive, income and profits from these acts of false designation of origin and false representation, and Plaintiffs have sustained, and will continue to sustain, substantial injury, loss and damage in an amount to be proven at trial.

47. Defendants' activities have caused Plaintiff irreparable injury and unless Defendants' acts are immediately and permanently enjoined, Plaintiff will continue to suffer irreparable harm and injury.

48. Plaintiff has no adequate remedy at law.

## FOURTH CAUSE OF ACTION

## FOR COMMON LAW UNFAIR COMPETITION

49. Plaintiffs repeats and realleges each and every allegation set forth in paragraphs 40 through 48 hereof as if fully set forth herein.

50. By reason of Defendants' foregoing actions, Defendants have engaged, and are continuing to engage, in acts of unfair competition in violation of the common law, and Plaintiffs have no adequate remedy at law.

## FIFTH CAUSE OF ACTION

## FOR UNFAIR COMPETITION UNDER NEW YORK COMMON LAW

51. This claim for relief arises under New York law and is alleged against all Defendants.

52. Plaintiffs reallege the allegations in paragraphs 49 through 50 of this Complaint as

though fully set forth herein.

53. Plaintiffs are informed and believe, and on such basis allege, that Defendants' conduct is unfair and fraudulent behavior pursued in the course of their businesses in that their actions were likely to deceive present and potential customers of Defendants and of Plaintiffs.

54. Defendants have unlawfully, and in bad faith, derived income and profits from their activities and will continue to so derive income and profits from their acts of unfair competition, and Plaintiffs have sustained, and will continue to sustain, substantial injury, loss and damage in an amount according to proof.

55. Defendants' activities have caused Plaintiffs irreparable injury and unless Defendants' acts are immediately and permanently enjoined, Plaintiffs will continue to suffer irreparable harm and injury.

56. Plaintiffs have no adequate remedy at law.

## **RELIEF SOUGHT**

WHEREFORE, Plaintiffs EARL STEVENS a/k/a E-40 prays for:

1. Judgment for preliminary and permanent injunctions enjoining Defendants, all of their officers, directors, owners, partners, employees, servants and agents -and- all those persons in active concert or participation with Defendants from violating Plaintiffs' rights by way of:

   (a) Infringing directly or indirectly Plaintiff's Composition, trademark rights or Copyrights;

   (b) Making, using, selling and/or inducing others to make, use or sell products that infringe;

   (c) using the CAPTAIN SAVE A HOE name or character in any manner, and from causing, contributing to or participating in, the unauthorized display and/or distribution of the

CAPTAIN SAVE A HOE name or character to the public in connection with any service or product;

  (d) engaging in conduct which tends falsely to represent or is likely to confuse, mislead or deceive members of the public;

  (e) Otherwise unfairly competing with Plaintiff in any manner;

  (f) Practicing unfair competition, unfair trade practices, and/or false advertising against Plaintiff; and

  (g) Continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint.

  2. That the Court order Defendants to account for all gains, profits and advances derived by Defendants from the acts complained of, together with appropriate interest thereon;

  3. That the Court further award Plaintiff an increase in damages in an amount found or assessed as a result of willful acts of trademark dilution, trademark infringement, and unfair competition under 15 U.S.C. § 1117;

  4. An Order from the Court commanding that Defendant mail notice letters at its expense to all customers, accounts, distributors, dealers, jobbers, salesmen, sales reps. and suppliers - informing them that Defendant has committed unfair competition and infringement against Plaintiff and that it has no affiliation, connection or other business relationship with Plaintiff;

  5. Compensatory money damages, statutory damages, punitive damages, exemplary damages and treble damages suffered by Plaintiff in an amount to be ascertained.

  6. Reasonable attorneys' fees and costs of this civil action. 35 U.S.C. § 285; 15 U.S.C. § 1117(a).

    7.        All other injunctive and monetary relief which the Court deems justifiable.

    8.        That Plaintiffs have such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands trial by jury of the claims of its allegations in this action.

DATED:   November 6, 2017

SOLER LEGAL LLC

By: /S/ Albert J. Soler
Albert J. Soler (AS1974)
30 South 15th Street
15th Floor
Philadelphia, PA 19102
Tel: (215) 989-4411
Fax: (215) 839-3974
asoler@solerlegal.com

FISCHBACH, PERLSTEIN, LIEBERMAN & ALMOND, LLP

By: /S/ Michael P. Martin
Michael P. Martin *(Pro Hac Vice)*
1925 Century Park East, Suite 2050
Los Angeles, CA 90067-2746
Tel: (310) 556-1956
Fax: (310) 556-4617
mmartin@fpllaw.com

*Attorneys for Plaintiff, Earl Stevens*