UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **EARL STEVENS**, an individual <br><br><br> Plaintiff, <br><br> -against- <br><br> **VODKA & MILK, LLC**, a New York Limited Liability Company; **VODKA & MILK 2, LLC**, a New York Limited Liability Company; **BUCK 50 PRODUCTIONS**, believed to be a New Jersey Limited Liability Company; **ERICA MARTIN** (aka ERIKA KANE) (aka iiKANE), an individual United States Citizen; and DOES 1-10 <br><br> Defendants, | Case No. 17-cv-8603 (JSR) <br><br><br><br><br><br> **ANSWER AND COUNTERCLAIM** |

Defendant VODKA & MILD, LLC, VODKA & MILK 2, LLC and BUCK 50 PRODUCTIONS only (collectively referred to as "Defendants A") through its undersigned attorneys, answers the allegations of the Complaint, filed on November 7, 2017, by Plaintiff Earl Stevens ("Plaintiff"), as follows:

    1.    Defendants A deny knowledge or information sufficient to form a belief as to the allegations of paragraph 1 of the Complaint.

    2.    Defendants A admit to the allegations of paragraph 2 of the Complaint.

    3.    Defendants A admit to the allegations of paragraph 3 of the Complaint.

    4.    Defendants A admit to the allegations of paragraph 4 of the Complaint.

    5.    Defendants A admit to the allegations of paragraph 5 of the Complaint.

6. Defendants A admit to the allegations of paragraph 6 of the Complaint.

7. Defendants A deny knowledge or information sufficient to form a belief as to the allegations of paragraph 7 of the Complaint.

8. Defendants A deny knowledge or information sufficient to form a belief as to the allegations of paragraph 8 of the Complaint.

9. Defendants A deny each and every allegation in paragraph 9.

10. Defendants A deny knowledge or information sufficient to form a belief as to the allegations of paragraph 10 of the Complaint.

11. Defendants A deny knowledge or information sufficient to form a belief as to the allegations of paragraph 11 of the Complaint.

12. Defendants A deny knowledge or information sufficient to form a belief as to the allegations of paragraph 12 of the Complaint.

13. Defendants A deny the allegations in paragraph 13 of the Complaint, except admit to selling, marketing advertising, promoting and distributing a book entitled CAPTAIN SAVE A HOE.

14. Defendants A deny the allegations in paragraph 14 of the Complaint, except admit to doing business within this judicial district.

15. Defendants A deny knowledge or information sufficient to form a belief as to the allegations of paragraph 15 of the Complaint.

16. Defendants A deny each and every allegation in paragraph 16.

17. Defendants A deny each and every allegation in paragraph 17.

18. Defendants A deny each and every allegation in paragraph 18.

19. Defendants A deny each and every allegation in paragraph 19.

20. Defendants A deny each and every allegation in paragraph 20.

21. Defendants A deny each and every allegation in paragraph 21.

22. Defendants A deny each and every allegation in paragraph 22.

23. Defendants A deny each and every allegation in paragraph 23.

24. Defendants A deny each and every allegation in paragraph 24.

25. Defendants A deny each and every allegation in paragraph 25.

26. In paragraph 26, Plaintiff incorporates the allegations of paragraph 1 – 25. Defendants A repeat the responses to the allegation in such paragraphs set forth above.

27. Defendants A deny each and every allegation in paragraph 27.

28. Defendants A deny knowledge or information sufficient to form a belief as to the allegations of paragraph 28 of the Complaint.

29. Defendants A deny knowledge or information sufficient to form a belief as to the allegations of paragraph 29 of the Complaint.

30. Defendants A deny each and every allegation in paragraph 30.

31. Defendants A deny each and every allegation in paragraph 31.

32. Defendants A deny each and every allegation in paragraph 32.

33. Defendants A deny each and every allegation in paragraph 33.

34. Defendants A deny each and every allegation in paragraph 34.

35. Defendants A deny knowledge or information sufficient to form a belief as to the allegations of paragraph 35 of the Complaint.

36. In paragraph 36, Plaintiff incorporates the allegations of paragraph 26 – 35. Defendants A repeat the responses to the allegation in such paragraphs set forth above.

37. Defendants A deny each and every allegation in paragraph 37.

38. Defendants A deny each and every allegation in paragraph 38.

39. Defendants A deny each and every allegation in paragraph 39.

40. In paragraph 40, Plaintiff incorporates the allegations of paragraph 36 – 39. Defendants A repeat the responses to the allegation in such paragraphs set forth above.

41. Defendants A deny each and every allegation in paragraph 41.

42. Defendants A deny each and every allegation in paragraph 42.

43. Defendants A admit to each and every allegation in paragraph 43.

44. Defendants A deny each and every allegation in paragraph 44.

45. Defendants A deny each and every allegation in paragraph 45.

46. Defendants A deny each and every allegation in paragraph 46.

47. Defendants A deny each and every allegation in paragraph 47.

48. Defendants A deny knowledge or information sufficient to form a belief as to the allegations of paragraph 48 of the Complaint.

49. In paragraph 49, Plaintiff incorporates the allegations of paragraph 40 – 48. Defendants A repeat the responses to the allegation in such paragraphs set forth above.

50. Defendants A deny each and every allegation in paragraph 50.

51. Defendants A deny knowledge or information sufficient to form a belief as to the allegations of paragraph 51 of the Complaint.

52. In paragraph 52, Plaintiff incorporates the allegations of paragraph 49 – 50. Defendants A repeat the responses to the allegation in such paragraphs set forth

above.

53. Defendants A deny each and every allegation in paragraph 53.

54. Defendants A deny each and every allegation in paragraph 54.

55. Defendants A deny each and every allegation in paragraph 50.

56. Defendants A deny knowledge or information sufficient to form a belief as to the allegations of paragraph 56 of the Complaint.

## RELIEF SOUGHT BY PLAINTIFF

1. Defendants A deny Plaintiff is entitled to any relief, including any request for a preliminary injunction as set forth in section 1 (a)-(g) of the prayer for relief.

2. Defendants A deny Plaintiff is entitled to any relief sought in section 2 of their prayer for relief.

3. Defendants A deny Plaintiff is entitled to any relief sought in section 3 of their prayer for relief.

4. Defendants A deny Plaintiff is entitled to any relief sought in section 4 of their prayer for relief.

5. Defendants A deny Plaintiff is entitled to any relief sought in section 5 of their prayer for relief.

6. Defendants A deny Plaintiff is entitled to any relief sought in section 6 of their prayer for relief.

7. Defendants A deny Plaintiff is entitled to any relief sought in section 7 of their prayer for relief.

8. Defendants A deny Plaintiff is entitled to any relief sought in section 8 of their prayer for relief.

## FIRST AFFIRMATIVE DEFENSE

57. The Complaint fails to state a cause of action upon which relief can be sought.

## SECOND AFFIRMATIVE DEFENSE

58. The claims made in the Complaint are barred, in whole or in part, by the doctrine of fair use, nominative fair use and/or descriptive use.

## THIRD AFFIRMATIVE DEFENSE

59. The claims made in the Complaint are barred, in whole or in part, because any infringement, if any, was innocent.

## FOURTH AFFIRMATIVE DEFENSE

60. Defendants A have not infringed any applicable copyrights and trademarks under federal or state law.

## FIFTH AFFIRMATIVE DEFENSE

61. Plaintiff's claim of injunctive relief is barred because Plaintiff cannot show that it will suffer irreparable harm from Defendants' A actions.

## SIXTH AFFIRMATIVE DEFENSE

62. The alleged injury or damage suffered by Plaintiff, if any, would be adequately compensated by damages. Accordingly, Plaintiff has a complete and adequate remedy at law and is not entitled to seek equitable relief.

## SEVENTH AFFIRMATIVE DEFENSE

63. The claims made in the Complaint are barred, in whole or in part, because

of a failure to mitigate damages, if such damages exist.

## EIGHTH AFFIRMATIVE DEFENSE

64.     The claims made in the Complaint are barred, in whole or in part, by the doctrine of collateral use.

## NINETH AFFIRMATIVE DEFENSE

65.     The claims made in the Complaint are barred, in whole or in part, by reason of other parties' use of any marks at issue and Plaintiffs acquiesced its use.

## TENTH AFFIRMATIVE DEFENSE

66.     Plaintiff has failed to register the copyrights in one or more of the products Plaintiff alleged Defendants A infringed as set forth in their Complaint and thus are not permitted to file this suit or maintain this action.

## ELEVENTH AFFIRMATIVE DEFENSE

67.     The claims made in the Complaint are barred, in whole or in part, by the doctrine of unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

68.     Defendants A reserves the right to supplement or amend this answer, including through the addition of further affirmative defenses, based upon the course of discovery and proceedings in this action.

## THIRTEENTH AFFIRMATIVE DEFENSE

69.     The claims made in the Complaint are barred, in whole or in part, by the doctrine of estoppel.

## COUNTERCLAIM

## PARTIES

1.	Defendant/Counterclaimant Vodka & Milk LLC is a New York Limited Liability Company having a principal place of business in New York, NY.

2.	Defendant/Counterclaimant Vodka & Milk 2 LLC is a New York Limited Liability Company having a principal place of business in New York, NY.

3.	Defendant/Counterclaimant Buck 50 Productions is a New Jersey Limited Liability Company having a principal place of business in New York, NY.

4.	Defendant/Counterclaimants are informed and believe, and on such basis alleges, Plaintiff/Counterclaim Defendant Earl Stevens is a resident of the state of California.

## JURISDICTION AND VENUE

5.	This civil action is for copyright infringement under the Copyright Laws of the United States 17 U.S.C. § 101, et seq.; under the Lanham Act, 15 U.S.C. § 1051 et seq., 15 U.S.C. § 1125; and New York Common Law.

6.	The Court has jurisdiction over the subject matter and personal jurisdiction over the parties by reason of 28 U.S.C. § 1331 and 1338(a) and 15 U.S.C. § 1121 because this claim is so related to Plaintiff/Counterclaim Defendant's claims under federal law that it forms the same case or controversy and derives from a common nucleus of operative facts and has consented to the personal jurisdiction of this Court by initiating this action.

7.	Venue is proper in this judicial district for all causes of action. 28 U.S.C. §§1391(b) & (c) and 1400(b) in that Defendants transact business in this Judicial District and a substantial part of the events or omissions giving rise to the claims herein occurred within this Judicial District.

**FACTS**

8.  Vodka & Milk LLC, Vodka & Milk 2 LLC and Buck 50 Productions (collectively "Defendants A"), are collectively publishing companies which publish and distribute books in physical, audio, electronic formats (collectively the "Book") (Exhibit A).

9.  On November 1, 2017, Defendants A filed a copyright application for the book CAPTAIN SAVE A HOE with a case number of 1-5965593711 (Exhibit B). As mentioned in Plaintiff's complaint, Plaintiff is the copyright owner of a MUSICAL COMPOSITION entitled CAPTAIN SAVE A HOE registered in 1993.

10.  On October 25, 2017, Defendants A filed a Trademark Application Serial No. 87658991 for the mark CAPTAIN SAVE A HOE for the following goods and services: Publications, namely, a series of novel books in the field of urban fiction in international class 16 and first use was October 29, 2016 (Exhibit C). As mentioned in Plaintiff's complaint, Plaintiff's trademark application was filed in international class 25 for such goods and services: bandanas, caps hats, headbands, jackets, shirts, shorts, sweatshirts and undergarments; and in Entertainment services, namely on ongoing feature comedy, action and adventure provided through television, online webcasts and radio broadcasts.

11.  On October 31, 2017, Defendants A began selling physical and electronic version of the book on various platforms such as Amazon, Barnes and Noble and other retail outlets, more specifically amazon.com

12.  In and around November 1, 2017, amazon.com began selling the book on their website.

13. Upon information and belief, Plaintiff contacted Amazon to takedown the book from its various formats and other retail outlets.

14. Amazon removed the book from its website and other formats, other retail outlets cancelled orders and stopped ordering the book, thereby causing Defendants A irreparable injury, financial damage and loss of income to be proven at trial.

15. Upon information and belief, there have been other books, clothing and musical compositions which have been either entitled or listed CAPTAIN SAVE A HOE by other entities besides Defendants A (Exhibit D). Upon information and belief, Plaintiff has not made any effort to cease their use of the copyright or trademark, nor has any such entity paid a license to the Plaintiff.

## FIRST COUNTERCLAIM

### BUSINESS INTENTIONALLY INTERFERED WITH BY OUTSIDER UNDER NEW YORK LAW

16. Defendants A/Counterclaimants reallege all foregoing allegations made in its affirmative defenses and counterclaims as if fully set forth herein.

17. Defendants A are informed and believe Plaintiff contacted Amazon and/or other distributors to erroneously cease and desist the sale, reproduction and distribution of the book, knowing Defendants A entered into a contractual agreement with Amazon and or/ other distributors.

18. Defendants A are informed and believe Plaintiff knew or should have known that their copyright of a musical composition filed in 1993 and their common law trademark, character and trademark application in international class 25 are significantly different than Defendants A's 2017 copyright and trademark of the book except for its

title.

19. Defendants A are informed and believe Plaintiff knew or should have known that their interference with Amazon and other distributors would cause a breach of contract between Defendants A and Amazon and other retail outlets.

20. Defendants A have suffered irreparable injury, financial damage and loss of income to be proven at trial.

## SECOND COUNTERCLAIM

## DECLARATORY JUDGMENT FOR NON-INFRINGEMENT FOR COPYRIGHT, COMMON LAW TRADEMARK AND FEDERAL TRADEMARK INFRINGEMENT

21. Defendants A/Counterclaimants reallege all foregoing allegations made in its affirmative defenses and counterclaims as if fully set forth herein.

22. On November 1, 2017, Defendants A filed a copyright application for the book CAPTAIN SAVE A HOE with a case number of 1-5965593711. As mentioned in Plaintiff's complaint, Plaintiff is the copyright owner of a MUSICAL COMPOSITION entitled CAPTAIN SAVE A HOE registered in 1993.

23. Defendants A are informed and believe Plaintiff knew or should have known that their copyright of a musical composition filed in 1993 and their common law trademark, character and trademark application in international class 25 are significantly different than Defendants A's 2017 copyright and trademark of the book except for its title, therefore not infringing.

24. Defendants A's actions have not infringed on Plaintiff's Copyrights in violation of 17 U.S.C. § 501.

25. Defendants A are entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201.

### THRID COUNTERCLAIM

### DECLARATORY JUDGMENT FOR FAIR USE

26. Defendants A/Counterclaimants reallege all foregoing allegations made in its affirmative defenses and counterclaims as if fully set forth herein.

27. Defendants A seek a declaratory judgment of this Court that Defendants A's use of the CAPTAIN SAVE A HOE as the title of a book constitutes a fair use.

28. Defendants A did not attempt to profit from Plaintiff in its use of CAPTAIN SAVE A HOE as a book title, and did not profit from any use of Plaintiff's intellectual property.

29. Plaintiff knew or should have known of other uses of books being entitled CAPTAIN SAVE A HOE and acquiesced to its release, more specifically THE MISADVENTURES OF CAPTAIN SAVE A HOE by Shawn James published in 2013.

30. Defendants A have caused no damage to Plaintiff, nor has it adversely affected the value of Plaintiff's works allegedly at issue in this action.

31. Plaintiff has lost no revenue as a result of Defendants A's alleged use.

32. Defendants A are entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201 that the use of Defendants A's use of CAPTAIN SAVE A HOE with respect to Plaintiff's works is a fair use in copyright and trademark law.

WHEREFORE Defendants A/Counterclaimants respectfully request that this Court:

1. Dismiss with prejudice claims brought by Plaintiff against Defendants A;

2. Declare that Defendants A/Counterclaimants have not directly infringed on Plaintiff's copyright, common law trademark or federal trademark;

3. Declare that Defendants A/Counterclaimants have not directly infringed on Plaintiff's copyright, common law trademark or federal trademark;

4. In the alternative, declare that Defendants A/Counterclaimants use of CAPTAIN SAVE A HOE constitutes fair use;

5. Compensatory money damages, statutory damages, punitive damages, and exemplary damages suffered by Defendant A in an amount to be ascertained;

6. All other monetary relief which the Court deems justifiable.

7. That Defendants A have such other and further relief as the Court may deem just and proper

BODDIE & ASSOCIATES, P.C.

*/s/ Corey D. Boddie*

Date: 1/5/2018

COREY D. BODDIE
Attorney No. CB 1922
Attorney for Defendants

40 Exchange Place
Suite 1800
New York, NY 10005
Office: (212)-480-7652
Fax: (646)-349-2933
Email: corey@boddieassoc.com